JUDGE COTE

UNITED STATES DISTRICT COURT
SOUNDERN DISTRICT OF NEW YORK

11 CIV 2617

-----------------------------------------------------------
JAMES PUCKETT,

                   Plaintiff,

-against-

MONARCH RECOVERY MANAGEMENT, INC., fka
ACADEMY COLLECTION SERVICES, INC.

                   Defendant.
-----------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
APR 15 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff JAMES PUCKETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant MONARCH RECOVERY MANAGEMENT, INC., fka ACADEMY COLLECTION SERVICES, INC. ("Defendant" or "MRM"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), New York General Business Law §349, and §5-77 of Title 6 of the Rules of the City of New York.

### PARTIES

2. Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant MRM is a Pennsylvania Corporation engaged in business of collecting debts with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

5. MRM is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, SAM'S CLUB either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to MRM for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. In or about March 2011, Defendant began collecting the alleged debt from the Plaintiff by calling Plaintiff and leaving a voicemail message on his telephone ("Message").

13. Defendant's Message is the following: "Yes this message is for James Puckett. Please contact my office, 1-800-220-0605 my extension here is 2771. Again, that number is 1-800-220-0605 extension 2771. James Puckett it is very important that you return the call as soon as possible."

14. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

15. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

16. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity on the Plaintiff's voicemail when the Defendant communicated the First and Second Messages to Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

17. Defendant violated 15 U.S.C. §1692d-preface and (6) and §1692f-preface and (5) by being deceptive, harassing and unfair by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity and therefore causing charges to be made to Plaintiff by concealment of the true purpose of the communication.

18. In or about March 2011, Defendant continued collecting the alleged debt from the Plaintiff by calling Plaintiff and leaving a second voicemail message on his telephone ("Second Message").

19. Defendant's Second Message is the following: "Yes this message is for James Puckett. Uhh please contact my office immediately at 1-800-220-0605 and my extension here is 2771. We need to speak to you James regarding to your Sam's Club account. We have a settlement to offer you. I will be in this office until 8:30 tonight. Again, this message is for James Puckett. This is regarding to your settlement. We need to hear from you by the end of the night regarding to your settlement for Sam's Club. Toll-free number again is 1-800-220-0605 extension 2771."

20. Defendant failed to give Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

21. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

22. Defendant violated 15 U.S.C. §1692d-preface and (6) by failing to provide meaningful disclosure of the caller's identity on the Plaintiff's voicemail when the Defendant communicated the First and Second Messages to Plaintiff without identifying the purpose of the call and disclosing to Plaintiff the Defendant's identity as a debt collector calling in reference to a debt collection and that any information obtained will be used for that purpose.

23. Defendant violated 15 U.S.C. §1692d-preface and (6) and §1692f-preface and (5) by being deceptive, harassing and unfair by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity and therefore causing charges to be made to Plaintiff by concealment of the true purpose of the communication.

24. Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

25. Defendant violated the FDCPA.

26. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface, (5) and (6).

   b. 15 U.S.C. §1692e-preface, (10) and (11).

   c. 15 U.S.C. §1692f-preface and (5).

29. As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. The Defendant violated NYS Gen. Bus. Law §349(a).

32. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## THIRD CAUSE OF ACTION
## NEW YORK CITY UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
## RULES OF THE CITY OF NEW YORK [6 RCNY] § 5-77

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Rules of the City of New York Department of Consumer Affairs (6 RCNY) § 5-77.

35. As a result of Defendant's above violations of the New York City Unfair and Deceptive Trade Practices Act, the Plaintiff and class have been damaged and are entitled to damages in accordance with the New York City Unfair and Deceptive Trade Practices Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JAMES PUCKET demands judgment from the Defendant MONARCH RECOVERY MANAGEMENT, INC., fka ACADEMY COLLECTION SERVICES, INC. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

New York General Business Law §349; and 6 RCNY § 5-77.

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A); New York General Business Law §349; and 6 RCNY § 5-77;

C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3), New York General Business Law §349; and 6 RCNY § 5-77;

E. Nominal damages;

F. A declaration that the Defendant's practices violated the FDCPA, New York State General Business Law §349; and 6 RCNY § 5-77;

G. Punitive damages pursuant to the state common law claims;

H. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

Dated: April 12, 2011

Respectfully submitted,

By: /s/ Allison Polesky
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff JAMES PUCKETT